UNITED STATES *v.* GAUNT & SONS ET AL. (No. 2861)[1]

United States Court of Customs Appeals, May 7, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Kenneth Osborn*, special attorney, of counsel), for the United States.

*B. A. Levett* for appellees.

[Oral argument April 20, 1927, by Mr. Lawrence and Mr. Levett]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The merchandise imported in the case at bar consisted of metal buttons and badges. The buttons are of various sizes, ranging from 45 lines to 24 lines, and are those prescribed by the military regulations of the United States for use on the dress uniforms of the en-

[1] T. D. 42183.

listed men and commissioned officers of the Army, Navy, and Marine Corps. These buttons are all gold plated, as prescribed by said regulations. The badges are of two kinds, first, gold-plated cap ornaments for the enlisted men of the Army, as prescribed by said regulations, and, second, bronze badges for use on the uniform of officers of the Marine Corps. All these, both buttons and badges, are embossed with designs as required by said regulations. The buttons are used on regulation uniforms to indicate the branch of service to which the wearers belong and for the purpose of fastening the uniform upon the body, as buttons are ordinarily used. The cap badges indicate the branch of service in which the wearers are employed, and the Marine Corps badges are used to indicate the rank of the wearers. None of these are ever sold for any other purpose by the importer except those above indicated and no other use therefor is shown by the record. All of the imported articles are worth more than 20 cents per dozen pieces.

When entered, the merchandise was classified by the collector as articles designed to be worn on apparel or carried on or about or attached to the person, under paragraph 1428 of the Tariff Act of 1922. The importer protested, claiming the merchandise to be dutiable as metal buttons embossed with a design, etc., under paragraph 349, as articles plated with gold, and other metal articles not plated, under paragraph 399, or as unenumerated unmanufactured articles under paragraph 1549, of said act.

The court below sustained the protest under said paragraph 349 as to the buttons, and under paragraph 399 as to the badges, holding the gold-plated cap badges subject to a duty of 60 per centum and the bronze insignia subject to a duty of 40 per centum thereunder. From this judgment the Government has appealed.

Paragraphs 349, 399, and 1428, in so far as they are material, follow:

PAR. 349. Metal trouser buttons (except steel) and nickel bar buttons, one-twelfth of 1 cent per line per gross; steel trouser buttons, one-fourth of 1 cent per line per gross; buttons of metal, not specially provided for, three-fourths of 1 cent per line per gross; and in addition thereto, on all of the foregoing, 15 per centum ad valorem; metal buttons embossed with a design, device, pattern, or lettering, 45 per centum ad valorem: *Provided*, That the term "line" as used in this paragraph shall mean the line button measure of one-fortieth of one inch.

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

PAR. 1428. * * * and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person,

such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles;
* * *

We have recently had under consideration a case much like the one here presented. *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079. In the case cited saber chains were the articles imported. They were shown to be an essential part of the equipment of a military officer and were classified for duty as chains designed to be worn on apparel or carried on or about or attached to the person, under said paragraph 1428. The court, speaking through Hatfield, J., reviewed the authorities and held, in substance, that the saber chains in question were vocational articles, and while worn on or about the person, were not so worn "as incidental articles of mere personal comfort, convenience, or adornment." It was said in the opinion:

Such articles may be of utility or of adornment, or they may possess both of these qualities; but, unless they are designed to be worn or carried or attached to the person for mere personal comfort, convenience, or adornment, they can not be classified under the provisions in question.

\* \* \* \* \* \* \*

The chains in question were designed for the exclusive use of officers in the military service. They are an essential part of such officers' equipment—made such by military regulations and worn as such. They are not worn as incidental articles of mere personal comfort, convenience, or adornment, but as an essential part of their equipment. The chains in question are vocational articles; and while chains are eo nomine provided for in paragraph 1428, these are not the kind intended to be covered by that designation.

The judgment in the *Horstmann* case was in entire harmony with the previous rulings of this court. *United States* v. *Sussfeld, Lorsch & Co.*, 7 Ct. Cust. Appls. 126; *Gallagher & Ascher* v. *United States*, 6 Ct. Cust. Appls. 105; *United States* v. *Kress & Co.*, 13 Ct. Cust. Appls. 66.

The reasons given for the conclusion in the cases cited are equally compelling here. While these articles, both buttons and badges, may be apparently included, *eo nomine*, in the language of paragraph 1428 as "dress buttons" and "military ornaments" they are not so in fact, because they are not worn alone for personal comfort, convenience, or adornment. The enlisted man or commissioned officer wears them because he must, because the law of the land so requires, and not to satisfy some whim or fancy of his own.

The badges, by a parity of reasoning, were properly classified under paragraph 399 as metal articles not specially provided for, plated and not plated.

For these reasons, and following *Horstmann* v. *United States*, *supra*, the judgment of the Customs Court, First Division, is *affirmed*.