UNITED STATES *v.* HORSTMANN Co. (No. 2875)[1]

United States Court of Customs Appeals, May 7, 1927

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[1] T. D. 42190.

[Oral argument April 21, 1927, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The United States Customs Court made the following finding of fact as to the merchandise involved in this appeal:

> The official samples of the merchandise consist of metal buttons used as an essential part of the regulation Navy officer's uniform. They are embossed with the emblem of the United States Government and are made of brass, gold plated. They are used as part of the uniform for fastening the coat and on the sleeves. The testimony further shows "they are not ornamental; they are an essential part of the uniform—absolutely necessary to fasten blouses or coats."

The Government, appellant, does not challenge the correctness of this finding. The case involves two entries and two protests, numbered, respectively, 69602–G and 69609–G. The collector classified and assessed all the merchandise under paragraph 1428 of the Tariff Act of 1922.

Protest 69602–G relied wholly upon paragraph 1411 of the act which provides for certain buttons and for buttons not specially provided for. The Customs Court held that the merchandise was not within that paragraph and overruled that protest without acquiescing in the collector's decision, which it held to be erroneous.

Protest 69609–G relied upon paragraph 349 of the act providing for certain buttons and for "metal buttons embossed with a design, device, pattern, or lettering." The court below sustained the protest as to the merchandise covered thereby.

The above finding of fact not being challenged, the only issue here is one of law—that is, under which one of paragraphs 1428 and 349 should these buttons be classified?

In *United States* v. *Gaunt & Son et al.*, suit No. 2861, 15 Ct. Cust. Appls. 94, T. D. 42183, decided concurrently herewith (opinion by Graham, Presiding Judge), one issue of law is identical with that involved in protest 69609–G. Therein, upon full consideration, we hold that paragraph 349 provides for the classification of merchandise like that here. That case rules this, and reference may be had to the opinion therein for the reasons which lead to the conclusion reached.

The judgment below is *affirmed.*