(C. D. 419)

WAGNER-WATROUS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 16, 1941)

*Barnes, Richardson & Colburn* (*Howard C. Carter* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. Fitz-Gibbon*, special attorney, for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of aneroid barometer movements with altimeter dials. Duty was levied thereon at the rate of 40 per centum ad valorem under paragraph 360 of the Tariff Act of 1930 as surveying instruments It is claimed that said articles are properly dutiable at but .27½ per

centum ad valorem under paragraph 372 of said act as machines not specially provided for.

The plaintiff offered in evidence the testimony of a single witness, Frank F. Watrous, president and general manager of the plaintiff-corporation. He testified that the merchandise at bar consisted of ordinary barometers, but that instead of having the dials show variations in the weather, each barometer has an altimeter dial; that said barometer was attached to an automobile to show the altitude in feet; that he was familiar with surveyors' aneroids and at one time sold them; that such surveying aneroids must be very accurate; and that he had tested the merchandise at bar and found it to be inaccurate.

On cross-examination he repeated that the merchandise at bar consisted of ordinary barometers like the common weather barometers, but that they are calibrated to show the number of feet above the sea level.

At this juncture, counsel for the plaintiff moved to incorporate the records in protests 481908–G and 492238–G, which motion was denied by the trial court for the reason that the collector's classifications in the two cases were different and that therefore the issues were not the same.

We quote as follows from the record:

Mr. CARTER. I move the incorporation of the records in Protest 485908–G decided on May 2, 1938, and Protest 492238–G, decided on May 12, 1938.

Mr. FITZGIBBON. I object to them. I don't think the merchandise is quite the same.

Mr. CARTER. The witness has testified that these have the same movements, the only difference being in the dial.

Mr. FITZGIBBON. This might work on the same principle, but the other was a barometer and this is an altimeter.

Judge DALLINGER. Is this invoiced as an altimeter?

Mr. CARTER. The invoice description is "500 Barometer-movements", with a number designating the type, "chromium dial with special-graduation 0–10000 feet". And then on the lower left hand side of the invoice it says, "Germany— Grover, Altimeter, Lufft, feet in thousands". In other words, on the dial appeared the word "altimeter".

Judge KINCHELOE. The only difference between this merchandise and the merchandise in those two other cases that he wants to incorporate here is the difference in the dial. What do you mean by that, that the dial is different; difference in appearance, difference in shape, or how?

The WITNESS. The ordinary barometer dial is calibrated in inches with words on there to show a change in the weather, like rain, storm, etc.; this customer wanted this to go in an automobile as an altimeter. The movements are the same as the ordinary barometer, but the dial is different, We told him it could not be done; it could not be accurate, but he wanted it so we went ahead and got it, and it was put on the dash board of an automobile. They tried it out and found out it didn't go.

Upon this record we find the following facts:

1. That the barometer movements constituting the merchandise at bar are similar in all material respects to the barometers which were the subject of protests 485908–G and 492238–G decided May 2 and 12, 1938, respectively, the only difference being in the dials.

2. That the imported barometers were very inaccurate and therefore not susceptible of use as surveying instruments.

3. That the imported barometer movements were manufactured with the dials calibrated in feet, at the request of a certain customer who wished to have them attached to an automobile, and that in actual operation they proved to be unsatisfactory.

Upon these facts we hold as a matter of law that the barometer movements constituting the imported merchandise at bar are properly dutiable at the rate of 27½ per centum ad valorem under said paragraph 372 as machines not specially provided for, as alleged by the plaintiff. (*United States* v. *Oppleman*, 25 C. C. P. A. 168, T. D. 49271.) That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.