(C. D. 459)

N. S. MEYER, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided April 3, 1941)

*Brooks & Brooks* (*Frederick W. Brooks, Jr.,* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh* and *Richard E. FitzGibbon,* special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This suit was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on certain imported merchandise. Duty was levied on said merchandise at 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, and the plaintiff claims the same to be properly dutiable at only 40 per centum ad valorem under paragraph 385 of said act, as amended by the French Trade Agreement, T. D. 48316, as woven fabrics wholly or in chief value of any of the materials provided for in paragraph 385.

At the trial a sample of the imported merchandise was admitted in evidence as exhibit 1, and Colonel Paul W. Baade, 16th Infantry, Commanding Post Regiment N. Fort Jay, New York, testified that exhibit 1 is worn on the full dress uniform and mess jacket of officers of the Air Corps of the United States Army; that it is prescribed as a part of the uniform by law and the regulations of the United States Army, and that the law and regulations provide that it shall not be worn by anyone not in the United States Army, unless authorized by the Secretary of War.

Another witness, engaged in the business of manufacturing military insignia and uniform equipment for the United States Army and Navy, testified that he sells this material only to authorized manufacturers and dealers in uniform insignia, because the law prescribed what it shall be used for, and if otherwise used it would be an illicit use.

Another witness, a manufacturer of uniforms for over 40 years, testified that he is authorized by the War Department to sell insignia, decorations, etc., and that exhibit 1 is used on Army Officers' uniforms denoting the arm of the service; that his firm uses it exclusively for that purpose, and that there is no other commercial use for it.

This evidence appears to bring the merchandise in this case squarely within the ruling of the appellate court in the case of *United States* v. *Gaunt*, 15 Ct. Cust. Appls. 94, wherein the court, among other things, said:

* * * While these articles, both buttons and badges, may be apparently included, *eo nomine*, in the language of paragraph 1428 as "dress buttons" and "military ornaments" they are not so in fact, because they are not worn alone for personal comfort, convenience, or adornment. The enlisted man or commissioned officer wears them because he must, because the law of the land so requires, and not to satisfy some whim or fancy of his own.

Again in the case of *United States* v. *Blefeld*, 24 C. C. P. A., 213, the appellate court held:

* * * The term *trimmings* is found in this paragraph, and that it there has a definite meaning which is not broad enough to include everything that trims something is too clear to admit of serious controversy.

In the case of *Sterling Button Co.* v. *United States*, C. D. 324, this court said:

If, in its broadest sense, the term "trimmings" might be said to include the merchandise in this case, we are inclined to the view, as held in effect in *Robinson-Goodman Co.* v. *United States*, 17 C. C. P. A., 149, T. D. 43473, that the Congress, in using this term in paragraph 1529, could not have had its broadest meaning in mind.

In holding that chains were not dutiable under paragraph 1428 of the Tariff Act of 1922, as articles designed to be worn on apparel, or

carried on or about or attached to the person, the appellate court, in *United States* v. *Horstmann*, 14 Ct. Cust. Appls. 443, said:

\* \* \* Such articles may be of utility or of adornment, or they may possess both of these qualities; but, unless they are designed to be worn or carried, or attached to the person for mere personal comfort, convenience, or adornment, they cannot be classified under the provisions in question.

\*        \*        \*        \*        \*        \*        \*

The chains in question were designed for the exclusive use of officers in the military service. They are an essential part of such officers' equipment—made such by military regulations and worn as such. They are not worn as incidental articles of mere personal comfort, convenience, or adornment, but as an essential part of their equipment. The chains in question are vocational articles; and while chains are *eo nomine* provided for in paragraph 1428, these are not the kind intended to be covered by that designation. \* \* \*

On the established facts, and following the cited authorities, we hold the item 4390 on the invoices covered by this suit, which was assessed with duty at 90 per centum under paragraph 1529 of the Tariff Act of 1930, to be properly dutiable at only 40 per centum ad valorem under paragraph 385 of said act, as amended by T. D. 48316, as claimed by the plaintiff.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.