311

**No. 46539.**—Protest 67814–K of Gemsco, Inc. (New York).

Opinion by TILSON, J.   In accordance with stipulation of counsel and on the authority of *Meyer* v. *United States* (6 Cust. Ct. 191, C. D. 459) the merchandise in question was held dutiable at 40 percent under paragraph 385 and the French Trade Agreement as claimed.

**No. 46540.**—Protests 11678–K, etc., of E. de Grandmont, Inc., et al. (New York).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 46541.**—Protest 821441–G of Schermerhorn Bros. Co. (Portland, Oreg.).

Opinion by KINCHELOE, J.   The report of the Government chemist showed the sample to be hemp.   The collector's classification as hemp tow was therefore affirmed.

**No. 46542.**—Protests 26667–K, etc., of Selsi Co., Inc. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of complete aneroid barometers having barometer movements with altimeter dials similar in all material respects to those the subject of *Wagner-Watrous, Inc.* v. *United States* (6 Cust. Ct. 39, C. D. 419).   In accordance therewith they were held dutiable as machines, not specially provided for, at 27½ percent under paragraph 372 as claimed.

**No. 46543.**—Protest 984648–G of N. Y. Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of Abstract 38680 the claim at 40 percent under paragraph 339 was sustained.

**No. 46544.**—Protests 66077–K, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) and Abstracts 43372 and 41633 the articles in question were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.