**No. 47611.**—Protests 72017–K, etc., of G. Hirsch Sons, Inc. (New York).

Opinion by Tilson, J. It now appearing that all of the merchandise was imported prior to the effective date of the French Trade Agreement (T. D. 48316), and in view of stipulation of counsel that certain of the items are similar in all material respects to those involved in *Meyer* v. *United States* (6 Cust. Ct. 191, C. D. 459), the items in question were held dutiable at 55 percent under paragraph 385 as claimed.

**No. 47612.**—Protests 84475–K, etc., of Gemsco, Inc., et al. (New York).

Opinion by Tilson, J. The record showed that certain of the items consist of woven fabrics wholly or in chief value of one or more of the materials specified in paragraph 385 and are similar in all material respects to those involved in *Meyer* v. *United States* (6 Cust. Ct. 191, C. D. 459). In accordance therewith the items in question were held dutiable at 40 percent under pragraph 385 and T. D. 48316 as claimed.

**No. 47613.**—Protest 84572–K of Olivier Straw Goods Corp. (New York).

Opinion by Tilson, J. In accordance with the agreed facts and following Abstract 46497 the knotted sisal hats in question were held dutiable at 25 percent under paragraph 1504 (b) (1) as claimed.

**No. 47614.**—Protests 87477–K, etc., of Armand Schwab & Co., Inc. (New York).

Opinion by Tilson, J. In accordance with stipulation of counsel and on the authority of Abstract 46497 certain of the hemp knotted straw hats in question were held dutiable at 25 percent under paragraph 1504 (b) (1) as claimed.

Before the Third Division, September 30, 1942

**No. 47615.**—Protests 999033–G, etc., of R. L. Albert & Sons, Inc., et al. (New York).

Opinion by Cline, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.