**No. 47864.**—Protest 51830–K of Ernst Bremermann· & Co. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel and on the authority of *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319) the claim for free entry under paragraph 1685 was sustained.

**No. 47865.**—Protests 41518–K, etc., of N. S. Meyer, Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise in question consists of woven fabrics wholly or in chief value of any of the fabrics provided for in paragraph 385 and is similar in all material respects to the merchandise the subject of *Meyer* v. *United States* (6 Cust. Ct. 191, C. D. 459) the claim under paragraph 385 and T. D. 48316 was sustained.

BEFORE THE SECOND DIVISION, JANUARY 1, 1943.

**No. 47866.**—Protest 817023–G of W. T. Grant Co. (New York).

Opinion by KINCHELOE, J. In accordance with stipulation of counsel merchandise described as "Cocoa Door Mats," similar to that the subject of *United States* v. *Penn* (27 C. C. P. A. 242, C. A. D. 93), was held dutiable as claimed.

**No. 47867.**—Protests 10628–K, etc., of Absorbo Beer Pad Co., Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated between counsel that the involved merchandise is not plate finished, supercalendered or friction calendered, laminated by means of an adhesive substance, coated, surface-stained or dyed, lined or vat-lined. In accordance with said stipulation and the record in *Absorbo Beer Pad Co.* v. *United States* (30 C. C. P. A. 24, C. A. D. 209), which was incorporated in the case at bar, the pulpboard in question was found to be not embossed, decorated, or ornamented in any manner, and therefore held dutiable at 10 percent under paragraph 1402 as claimed.