BEFORE THE SECOND DIVISION, AUGUST 18, 1943

**No. 48684.**—Protest 95211–K of N. S. Meyer, Inc. (New York).

Opinion by TILSON, J.   Following *Meyer* v. *United States* (6 Cust. Ct. 191, C. D. 459) the protest was sustained as to certain of the items as shown by the record.

**No. 48685.**—Protests 979486–G, etc., of Olivier Straw Goods Corp. et al. (New York).

Opinion by TILSON, J.   The record showed that certain of the items consist of (1) hemp hats similar to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218); (2) racello hats similar to those involved in Abstract 47291; and (3) hemp knotted straw hats similar to those involved in Abstract 46497.   In accordance therewith the claim as to these items was sustained.

**No. 48686.**—Protests 83058–K, etc., of F. Blumenthal & Co. (New York).

Opinion by TILSON, J.   In accordance with the established facts that the hats in question were not blocked or trimmed, and not bleached, dyed, colored, or stained, the claim at 25 percent under paragraph 1504 (b) (1) was sustained, following Abstract 47291.

**No. 48687.**—Protests 551184–G, etc., of Henry Pollak, Inc. (New York).

Opinion by TILSON, J.   Certain of the hats imported or withdrawn for consumption subsequent to the effective date of the Netherlands Trade Agreement were held dutiable at 12½ percent under paragraph 1504 (b) (5) and those prior to that date at 25 percent in accordance with stipulation of counsel.   *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) followed.

**No. 48688.**—Protests 604679–G of Siegel & Goldstone (New York).

Opinion by TILSON, J.   Certain of the hats imported or withdrawn for consumption subsequent to the effective date of the Netherlands Trade Agreement were held dutiable at 12½ percent and those prior to that date at 25 percent in accordance with stipulation of counsel.   *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) followed.