**No. 51787.**—Snake King *v.* United States, protest 122200–K (Laredo).

OLIVER, Presiding Judge:  When this case first appeared on the calendar at the port of Laredo, Tex., on March 22, 1946, Government counsel moved to dismiss the protest on the ground that it was not signed by a proper party and on the further ground that the protest was untimely.    This motion was denied in an interlocutory order issued on January 30, 1947 (18 Cust. Ct. 33, C. D. 1041), and the case was continued to the next Laredo docket for hearing upon the merits.    When the case was again called for trial, there was no appearance either by or on behalf of the plaintiff and the protest was ordered submitted for decision.

The merchandise in this suit, imported from Mexico and entered at the port of Brownsville, Tex., is described on the consular invoice as military insignia, gold-plated, in chief value of copper.    It was classified by the collector under paragraph 1527 (c) (2), Tariff Act of 1930, as military ornaments valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, composed wholly or in chief value of metal other than gold or platinum, and assessed with duty at a compound rate equivalent to 110 per cent ad valorem, plus 3 cents per pound under section 3425, Internal Revenue Code.    The assessment under the Internal Revenue Code, however, is not in issue.

While plaintiff in his protest does not set forth distinctly and specifically the paragraph of the tariff act under which claim is made, or the rate of duty claimed, it would seem to appear that the reason for his objection to the exaction of the collector is his allegation that the merchandise in issue is military insignia as distinguished from military ornaments.    In this connection, both this court and our appellate court have held on a number of occasions that military insignia is

93

not classifiable under the tariff provision for "military ornaments." *United States* v. *Gaunt & Sons et al.*, 15 Ct. Cust. Appls. 94, T. D. 42183, and *United States* v. *Horstmann Co.*, 15 id. 116, T. D. 42190.

However, plaintiff not having appeared either in person or by counsel when the case was again called for trial and there being no evidence in this record to overcome the presumption of correctness attaching to the classification by the collector, the protest is therefore dismissed.

Judgment will be rendered accordingly.