BEFORE THE FIRST DIVISION, JUNE 30, 1947

**No. 51825.**—Meadows Wye & Co., Inc., et al. *v.* United States, protests 120416–K, etc. (New York).

OLIVER, Presiding Judge: The merchandise in this suit, imported from England and entered at the port of New York, consists of brass belt buckles. They were classified by the collector under paragraph 1527 (c) (2), Tariff Act of 1930, as buckles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, composed wholly or in chief value of metal other than gold or platinum, and assessed with duty at a compound rate equivalent to 110 percent ad valorem.

Several claims are made in the protests, but the one relied on and to which the proof was directed is that these buckles are properly classifiable under paragraph 397, Tariff Act of 1930, as "Articles or wares not specially provided for * * * composed wholly or in chief value of * * * brass * * * but not plated with platinum, gold, or silver, or colored with gold lacquer * * *" and, as such, dutiable at the rate of 45 percent ad valorem. It is not disputed that these buckles are made of brass and are not covered with gold lacquer.

Two samples representative of the merchandise in issue are in evidence (collective exhibit 1). One consists of a brass buckle 2¼'' in width which is attached to the waist part of what is known as a "Sam Browne" belt; the other, of smaller size, is attached to the shoulder strap used to support the waist part of the belt.

The plaintiffs introduced the testimony of Meyer Berkman, president of the importing corporation, who stated that he had imported articles like collective exhibit 1 since 1931 or 1932 and that he had seen such articles in actual use in this country; that, generally speaking, Sam Browne belts are sold to manufacturers of uniforms (R. 6) and are used principally by Federal, State, or municipal officers, and also by bank guards, bus drivers, constabulary officers, and state highway patrol officers; that, in particular, Sam Browne belts, to which buckles like those in issue are attached, are used by New York City motorcycle or mounted police to support a holster which carries a gun; and that a Sam Browne belt consists of a strip of leather 2¼'' wide with an average length of, perhaps, 38'', to which strip of leather there is attached by means of D-rings, a ⅞'' shoulder strap used to support the waist part of the belt.

Plaintiffs introduced in evidence an advertising circular (illustrative exhibit 2) in which are depicted and described, among various other items they manufacture, a Sam Browne belt set which the witness testified is made with the use of buckles like those in issue.

On cross-examination he testified that he had never seen articles like collective exhibit 1 used in any manner other than on Sam Browne belts, and that the larger or waist buckle is made only in the 2¼-inch width and is designed and used exclusively for the Sam Browne belt (R. 9).

Government counsel introduced no evidence in support of the collector's classification.

The plaintiffs contend that the use of the articles, as shown by the evidence, precludes classification under paragraph 1527 (c) (2), Tariff Act of 1930.

One of the fundamental requisites for classification of an article under paragraph 1527 (c), or its predecessor provisions in earlier tariff acts, is that such article must be designed to be worn on apparel or carried on or about or attached to the person as *incidental articles of mere personal comfort, convenience, or adornment.* Accordingly, articles worn as an essential part of a vocational uniform or as professional equipment are not intended to be covered by these provisions. *United States* v. *Gaunt,* 15 Ct. Cust. Appls. 94, T. D. 42183; *United States* v. *Horstmann Co.,* 15 id. 116, T. D. 42190; and *Same* v. *Same,* 14 id. 443, T. D. 42079.

The record shows that of the two importations involved in this case one was entered on August 12, 1940, the other on October 28, 1944. Plaintiffs' witness testified that, according to the Army Information Service, the Sam Browne belt was regulation for officers up until either 1942 or 1943, and that thereafter officers were permitted to wear a belt already owned but not to buy a new one.

Counsel for the defendant in its brief contends that such buckles as were imported subsequent to the abandonment by the United States military of Sam Browne belts are properly dutiable as assessed since they were used in the manufacture of an article designed to be worn on apparel or carried on or about or attached to the person. This record establishes, however, that the buckles in issue are more than *incidental articles of mere personal comfort, convenience, or adornment.* The uncontroverted testimony shows that they were used in the manufacture of an article worn as an essential part of a vocational uniform or as professional equipment. The record further discloses that the use of the buckles in question is not confined to military personnel. The existence or nonexistence of a military regulation relating to their use is therefore immaterial in this case.

On the record before us we find that the presumption of correctness attaching to the collector's classification has been overcome; and, since it is conceded that

these buckles are made of brass and are not colored with gold lacquer, following the authorities cited, we hold them to be properly dutiable at 45 percent ad valorem under the provision of paragraph 397, Tariff Act of 1930, for articles of metal, not specially provided for, as claimed.

Judgment will be rendered accordingly.