WEYENBERG SHOE MFG. CO. *v.* UNITED STATES (No. 4647)[1]

United States Court of Customs and Patent Appeals, February 27, 1951

*Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for appellant.
*David N. Edelstein,* Assistant Attorney General *(Joseph F. Donohue* and *Richard F. Weeks,* special attorneys, of counsel), for the United States.

[Oral argument February 6, 1951, by Mr. Schwartz and Mr. Donohue]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

Appellant imported 7 boxes of steel buckles to be used on men's dress shoes, but not work shoes, from Mexico on January 5, 1943.

The importation was classified pursuant to the provisions of paragraph 1527 (c) (2) of the Tariff Act of 1930 at rates of duty aggregating 110 per centum ad valorem under the *eo nomine* provision in the paragraph, as "buckles." Appellant protested the classification claiming that the buckles are properly dutiable at the rate of 45 per centum ad valorem as "articles or wares * * * composed wholly or in chief value of iron, steel, * * * but not plated with platinum, gold, or silver, * * * under paragraph 397 of the act.

---

[1] C. A. D. 448.

The United States Customs Court, First Division, by judgment rendered in accordance with its decision, C. D. 1231, overruled the protest, and from the judgment this appeal was taken.

The involved paragraphs read as follows:

Par. 1527 * * * (c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all of the foregoing and parts thereof, finished or unfinished:

\* \* \* \* \* \* \*

(2) composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitations precious or semiprecious stones, or imitation pearls, 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

Par. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

One witness testified on behalf of appellant and the record consists only of his testimony and a letter written by the witness on behalf of appellant. A shoe to which one of the buckles is attached was received in evidence as a representative sample of the importation.

It appears that the buckles were used exclusively in the manufacture of military-type oxford shoes for officers and non-commissioned men in the armed forces of the United States and were also sold and used by civilians who desired such kind of shoes. The buckles are firmly attached to the shoes and together with a strap covering the instep portion of the shoe, fasten the shoe to the wearer's foot in the same manner as shoe laces, eyes, or latches are ordinarily used. The involved goods are valued at more than 20 cents per dozen pieces.

Shoe buckles valued at not more than 20 cents per dozen pieces are provided for in paragraph 346. The instant merchandise, because of its value, does not come within the scope of the shoe buckle paragraph. Therefore, the question before us is a determination as to whether the buckles here involved are properly dutiable as classified or as claimed by appellant.

It is the contention of counsel for appellant that the decisions of this court in interpreting paragraph 1527 and corresponding provisions which appear in prior tariff acts, limit the scope of the articles contained therein to those which are "incidental articles of mere personal comfort, convenience, or adornment." For the reason that the merchandise here is necessary to keep the shoes upon the feet, counsel for appellant contend that they are not "incidental articles of mere personal comfort, convenience, or adornment," and therefore, that the trial court erred in affirming the classification by the collector.

In the decision of the court below it distinguished the following cases from the present case: *United States* v. *Bailey, Green & Elger, Inc.*, 30 C. C. P. A. (Customs) 228, C. A. D. 237; *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343; and, *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079. The court also noted several other decisions by the United States Customs Court which were not appealed.

With respect to the *Bailey* case, *supra*, the court noted that the classification of buckles was not before it and it was also of the opinion that this court's limitation in the decision therein does not apply to such articles. It was pointed out in the court's decision that the *eo nomine* provision for buckles in paragraph 1527 meant that after importation such articles are attached to apparel which is worn on or about or attached to the person. It stated as an obvious fact that Congress could not have intended that a buckle would be incidentally carried in a bag, purse, or pocket such as are other articles which are in the involved paragraph. It assumed that a buckle in its ordinary meaning, with the exception of fancy or decorative slides or buckles on women's shoes, is primarily intended for utilitarian purposes.

The court quoted from the *Gallagher & Ascher* case, *supra*, which was decided under paragraph 356 of the act of 1913, as follows:

It may be observed that the articles which are enumerated in the disputed provision are numerous and in some respects diverse. Some of them are wholly ornamental in character, for example, "vanity cases" and "millinery ornaments"; some are wholly utilitarian, for example, "cigar cutters" and "match boxes"; some may be both ornamental and useful, for example, "chains" and "cuff buttons." In one particular, however, they are all alike, and that is that in their customary use they are all carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment. This characteristic belongs also to the metal pencils now in question, and brings them within the provision for "like articles," which follows the list of enumerated articles in the paragraph.

The trial court further stated in its decision that this court in the above quoted language did not hold that a buckle is carried upon the person or that its use on apparel is incidental. It noted that in the

examples set forth in the *Bailey* case, *supra,* buckles are not mentioned in the enumerated articles there considered.

The trial court quoted a short excerpt from the decision of this court in the *Horstmann Co.* case, *supra,* as follows:

&ast; &ast; &ast; Such articles may be of utility or of adornment, or they may possess both of these qualities; but, unless they are designed to be worn or carried, or attached to the person for mere personal comfort, convenience, or adornment, they can not be classified under the provisions in question.

In the *Horstmann Co.* case, *supra,* paragraph 1428 of the Tariff Act of 1922 was involved, the language of which, as far as this case is concerned, is the same as that of paragraph 1527 of the present act. The merchandise involved in that case consisted of brass saber chains, nickel plated, which were assessed by the collector at 80 per centum ad valorem under the provisions of said paragraph 1428.

It was contended by counsel for appellee that the chains were vocational articles and not intended to be used on or used as articles of mere personal comfort, convenience, or adornment, and were, therefore, excluded from the paragraph under which they were classified.

It was stated in the opinion of this court in that case that the chains were designed for exclusive use by officers in the military service and were an essential part of officers' equipment because of military regulations. Since they were an essential part of military officers' equipment, it was held that they were vocational articles and not incidental articles of mere personal comfort, convenience, or adornment. While chains were *eo ncmine* provided for in paragraph 1428, the imported saber chains were not the kind intended to be covered by the *eo nomine* designation in that paragraph.

In the decision in the *Horstmann Co.* case, *supra,* written by the late Judge Hatfield, a careful review was noted by him of the cases cited by the government in support of the contention that the chains were to be worn on apparel or carried on or about or attached to the person, and, because whey were valued at more than 20 cents per dozen, that they were provided for in said paragraph 1428. Judge Hatfield stated as follows:

It will be observed by a careful review of the cases cited, that one of the fundamental requisites for classification under the provisions of paragraph 1428 in question, of articles not *eo nomine* provided for, is that such articles must be designed to be worn on apparel or carried on or about or attached to the person as "incidental articles of mere personal comfort, convenience, or adornment." Such articles may be of utility or of adornment, or they may possess both of these qualities; but unless they are designed to be .worn or carried, or attached to the person for mere personal comfort, convenience, or adornment, they can not be classified under the provisions in question.

It is true that these decisions relate to articles not enumerated in the paragraph by name. However, it was there definitely pointed out that articles not enumerated by name must, in order to be classifiable thereunder, be like those enumerated;

and, in order to be like such articles, they must be "incidental articles of *mere personal comfort, convenience, or adornment.*" If articles not provided for by name must answer to the description of "incidental articles of mere personal comfort, convenience, or adornment," in order to be like those *eo nomine* provided for, it follows that those intended to be included within the *eo nomine* provisions are of that character. Accordingly, articles not of that character were not intended to be covered by the provisions in question even though they respond generally to *eo nomine* designations therein. (Italics quoted)

While the issue in the case of *United States* v. *Gaunt & Sons*, 15 Ct. Cust. Appls. 94, T. D. 42183, was not the same with respect to the imported merchandise, as was the imported merchandise in the *Horstmann Co.* case, *supra*, it appears in the former case that the decision in the *Horstmann Co.* case, *supra*, was in entire harmony with the previous rulings of this court.

The precise issue, as far as the imported merchandise is concerned, is before us for the first time.

With respect to the argument by counsel for the government that the quoted portion of the decision in the *Horstmann Co.* case, *supra*, is *obiter*, we are of opinion that Judge Hatfield's reasoning was correct in his interpretation of the predecessor of the paragraph under which the merchandise here was classified. The reasoning in that opinion included all of the articles included within the provisions of paragraph 1428 and it seems to us that such reasoning is apposite to our decision here.

It is clear to us that the involved buckles are not such as are "incidental articles of mere personal comfort, convenience, or adornment," and are for that reason removed from classification under paragraph 1527.

We do not find it necessary, in view of what has been said, to discuss any of the other cases cited by the parties, and for the reasons herein stated, the judgment of the United States Customs Court is *reversed* and *remanded* for further proceedings consistent with this opinion.