**No. 57695.**—G. Hirsch Sons, Inc. *v.* United States, protest 145403–K (New York).

FORD, Judge: The suit listed above was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties upon an importation of religious emblems. The collector classified the merchandise as "Rayon ornaments" and levied duty thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930. Plaintiff claims said merchandise to be properly dutiable at the rate of 45 cents per pound and 45 per centum ad valorem under paragraph 1308 of said act, as modified by the French Trade Agreement, 69 Treas. Dec. 853, T. D. 48316, as fabrics with fast edges, not exceeding 12 inches in width, wholly or in chief value of rayon or other synthetic textile, not specially provided for.

When this case was called for trial, on motion of counsel for the plaintiff, the record in *G. Hirsch Sons, Inc.* v. *United States*, 28 Cust. Ct. 29, C. D. 1384, was admitted in evidence as a part of the record in this case. In addition, counsel

for the plaintiff introduced the testimony of John D. Hackett, who was associated with the Holy Land Art Co. of 55 Barclay Street, New York, N. Y. The sample in the previous case, *supra,* is before us in the present case, and was described in the previous case as follows:

The sample admitted in evidence as exhibit 1 is approximately 7 inches square, in the center of which, by use of a different color of thread, have been produced the letters "I. H. S." The letters "I" and "S" are approximately 2½ inches in height, while the letter "H" is approximately 3 inches in height. It also appears that the involved merchandise is imported in running lengths of approximately 50 meters with a line of demarcation in those running lengths between one symbol and the repeat symbol consisting of about one-quarter of an inch of blank weave, which is used as a marker for the cutter.

After reviewing the evidence, we quoted the following from *United States* v. *Blefeld & Goodfriend,* 24 C. C. P. A. (Customs) 213, T. D. 48658:

Without attempting to define the exact limits and scope of the term *ornaments,* it is our view that Congress, when it employed the term in the paragraph, was concerned with bringing under it decorative ornamental articles which were designed to be attached to or superimposed upon other articles, usually textiles, for the purpose of decorating, beautifying, and ornamenting them.

We further stated in the previous case:

In classifying the involved merchandise as ornaments, the collector is presumed to have found all the facts necessary to support his classification. This would include in this case, a finding by the collector that the involved merchandise was a decorative article designed to be attached to or superimposed upon other articles for the purpose of decorating, beautifying, or ornamenting them. The contrary of this is not established by the evidence before us.

In the instant case the merchandise is primarily ornamental, and if it has any utilitarian use at all, it is merely incidental. As heretofore noted, the merchandise involved in the *Paramount Bead* case, *supra,* had primarily a utilitarian purpose or use and was only incidentally ornamental. In respect to such merchandise, our appellate court there stated:

* * * In other words, we hold that an article that has a primary utilitarian purpose, although it may be incidentally ornamental, can not be classified as an ornament under the provisions of paragraph 1430. To hold otherwise would bring a multitude of other articles having utilitarian uses within the provisions of this paragraph. While this court has never expressly declared that an article having a utilitarian use, which article is incidentally ornamental, may not be classified as an ornament under said paragraph 1430 and its predecessors, it has so held in effect in the case of *United States* v. *Lines & Warne,* 5 Ct. Cust. Appls. 552, T. D. 35193.

In *N. S. Meyer, Inc.* v. *United States,* 6 Cust. Ct. 191, C D 459, in a syllabus by the court, it was stated as follows:

Woven fabrics in chief value of metal threads, not designed to be worn on apparel or carried on or about or attached to the person for mere personal comfort, convenience, or adornment, but are worn by a commissioned officer in the Air Corps of the United States Army because he must, because the law of the land so requires, and not to satisfy some whim or fancy of his own, are not covered by or included in any of the provisions of paragraph 1529, Tariff Act of 1930.

Under the above authorities, if it had been established that the laws or rules of the church, or the laws of the land, required that the involved merchandise be worn at or used in the services of the church, we would feel inclined, and perhaps compelled, to hold that the merchandise represented by exhibit 1 was not classifiable as an ornament. The evidence herein, however, is that the use of the said exhibit 1 in the services of the church is entirely optional, and that there is nothing which compels its use at such services.

It may therefore be said that the articles at bar are primarily ornamental and that if they have any utilitarian use at all such use is incidental. Accordingly, the principle of the *Paramount Bead* case has no application here.

For the reasons stated and following the authorities cited, we hold that the plaintiff has failed to produce sufficient evidence to remove the involved mer-

chandise from the classification as ornaments, as made by the collector. All claims of the plaintiff are therefore overruled. * * *

The record in the instant case is much more complete, edifying, and enlightening than was the record in the previous case, yet the present record fails to establish that the laws or rules of the church, or the laws of the land, require that the involved merchandise be worn at or used in the services of the church, or that the involved merchandise is primarily utilitarian and only incidentally ornamental. In the absence of such proof, we feel compelled to follow our previous decision, and hold that the plaintiff has failed to produce sufficient evidence to remove the involved merchandise from the classification as ornaments, as made by the collector. For the reasons stated, all claims of the plaintiff are, therefore, overruled. Judgment will be rendered accordingly.