BEFORE THE SECOND DIVISION, OCTOBER 16, 1959

**No. 63445.**—Gemsco, Inc. *v.* United States, protest 325666–K (New York).

FORD, Judge: Certain military insignia, described on the invoice as sleeve devices, item Nos. 24511 and 24513, were classified by the collector of customs as "ornaments c.v. bullions" and assessed with duty at the rate of 45 per centum ad valorem under the provisions of paragraph 1529(a) of the Tariff Act of

1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

Plaintiff contends the above-numbered items are not properly classifiable as "ornaments" under said paragraph 1529(a), *supra*, since they constitute an essential part of the uniform of naval personnel, who are required by law to wear said items. Accordingly, it is the position of the plaintiff that said merchandise is properly classifiable and subject to a duty of 15 per centum ad valorem under paragraph 385 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which provides in substance for articles made wholly or in chief value of bullions.

There was received in evidence as plaintiff's exhibit 1, an item agreed by counsel to represent item No. 24513, and as plaintiff's exhibit 2, an article representing item No. 24511. The testimony of the witness called on behalf of plaintiff, so far as pertinent, indicates that a model sketch of the insignia was prepared by plaintiff corporation and sent to Japan for the supplier to place the bullion thereon. These insignia were returned and after inspection appeared to be in compliance with the naval specifications. Copies of the model military insignia were received as plaintiff's exhibits 3 and 4, and a card containing models of United States military insignia 24511/24513 was received as plaintiff's exhibit 5. Counsel for plaintiff then offered, and there was received as plaintiff's illustrative exhibit 6, a booklet entitled, United States Navy Uniform Regulations, 1951. It was agreed by and between counsel that said regulations were those in existence at the time of the importation before the court. Counsel for defendant, in its brief, concedes that exhibits 1 and 2 are worn by Navy personnel pursuant to United States Navy Uniform Regulations and that they are required to be worn by virtue of said regulations.

Since the involved insignia are required to be worn by law as part of the uniform of naval personnel, plaintiff contends that said merchandise is excluded by judicial interpretation from the term "ornaments" in paragraph 1529(a) *supra*. In support thereof, plaintiff cites the case of *N. S. Meyer, Inc.* v. *United States*, 6 Cust. Ct. 191, C.D. 459, wherein certain woven fabrics in chief value of metal threads, worn by commissioned officers in the Air Corps of the United States Army and so required by law, were held to be properly dutiable under paragraph 385 of the Tariff Act of 1930, as modified by the trade agreement with France, 69 Treas. Dec. 853, T.D. 48316, as woven fabrics, wholly or in chief value of any of the materials provided for in said paragraph 385, rather than under the provisions for ornaments in paragraph 1529(a) of the Tariff Act of 1930. In arriving at this conclusion, the court was of the opinion that the evidence in the *Meyer* case brought the merchandise squarely within the ruling of *United States* v. *Gaunt & Sons et al.*, 15 Ct. Cust. Appls. 94, T.D. 42183, wherein the appellate court made the following comment:

\* \* \* While these articles, both buttons and badges, may be apparently included, *eo nomine*, in the language of paragraph 1428 as "dress buttons" and "military ornaments" they are not so in fact, because they are not worn alone for personal comfort, convenience, or adornment. The enlisted man or commissioned officer wears them because he must, because the law of the land so requires, and not to satisfy some whim or fancy of his own.

It is contended by counsel for the defendant that the *Gaunt* case, *supra*, is distinguishable from the issue at bar, since said case did not involve paragraph 1529 of the Tariff Act of 1930, or its predecessor, paragraph 1430 of the Tariff Act of 1922. Paragraph 1529(a), *supra*, contains the following language, which has been held to invade all paragraphs not excepted thereunder:

\* \* \* all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraph

915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530(e), or in Title II (free list, or in subparagraph (b) of this paragraph), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, * * *.

Based upon this language and the presumption of correctness attaching to the collector's classification, it is the position of the defendant that the involved articles are not taken out of paragraph 1529(a) because they are known as insignia or naval regulations require them to be worn.

We are, of course, aware that the above language does invade all paragraphs not excepted therein. However, the issue presently before us is whether the involved articles are, in fact, ornaments. If the items are ornaments, there is no question. Classification under paragraph 1529(a), *supra*, is proper. However, if the items are not ornaments, the above provision is not applicable. *Robinson-Goodman Co. (Inc.) v. United States*, 17 C.C.P.A. (Customs) 149, T.D. 43473.

In the case of *United States v. Blefeld & Goodfriend*, 24 C.C.P.A. (Customs) 213, T.D. 48658, the appellate court, in considering the term "ornaments" in paragraph 1529(a), commented as follows:

We are of the opinion that when Congress used the term *ornaments* in paragraph 1529(a) as it also did in the predecessor paragraph 1430 of the Tariff Act of 1922, it did not intend to include under that term everything that ornamented or everything that was ornamental in character. * * * [Italics quoted.]

On the established facts, we are of the opinion that the involved insignia are not ornaments, as that term is used in paragraph 1529(a), *supra*, and are, accordingly, not properly classifiable thereunder. Since the involved merchandise is required by naval regulations to be worn by naval personnel, we hold said merchandise to be properly dutiable at 15 per centum ad valorem under paragraph 385 of the Tariff Act of 1930, as modified, *supra*.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.