**No. 66583.**—Gemsco, Inc. *v.* United States, protests 305187–K, 315238–K, and 315784–K (New York).

FORD, Judge: The protests listed in schedule "A," attached hereto and made a part hereof, are directed against the classification as ornaments, trimmings, or articles, in part trimmings, by the collector of customs of certain insignia, worn by members of different branches of the armed services, and, in one instance, an insigne worn by members of the commissioned corps of the Public Health Service of the United States, under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and assessment of duty at 45 or 50 per centum ad valorem.

Plaintiff herein contends that said merchandise is properly dutiable at the rate of 15 per centum ad valorem under the provisions of paragraph 385 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as articles made in chief value of bullions.

The record in this case consists of the introduction of samples of the various types of insignia covered by the protests, as well as the incorporation of the record in the case of *Gemsco, Inc.* v. *United States*, 43 Cust. Ct. 372, Abstract 63445.

During the trial, the witness called on behalf of plaintiff identified and described the exhibits in this case as follows:

| Exhibit No. | Invoice item No. | Description |
|---|---|---|
| 1 | 24507/1 | A star worn by Navy personnel |
| 2 | 24515 | Insigne of the Civil Engineer Corps of the Navy |
| 3 | 83209 | United States Public Health Service insigne |
| 4 | 24512 | Insigne of Dental Corps, United States Navy |
| 5 | 13549/1 | Visor worn by an Air Force colonel |
| 6 | 70005 | Shield worn by Coast Guard officers |
| 7 | 24513 | Insigne of Supply Corps, United States Navy |
| 8 | 24516 | Insigne, bearing cross, worn by chaplains, United States Navy |

It was stipulated by and between counsel for the respective parties that exhibits 1, 2, 4, 7, and 8 are required to be worn by Navy personnel under Navy regulations. It was further stipulated that exhibit 3 is required to be worn by the regulations of the United States Public Health Service. It was also agreed that exhibit 5 is required to be worn by the United States Air Force regulations as part of the Air Force uniform. It was further stipulated that exhibit 6 is required to be worn on the United States Coast Guard uniform by Coast Guard regulations. Counsel for the respective parties also agreed that exhibits 1 through 8 are in chief value of bullions.

Counsel for defendant, in its brief, filed with this court, has limited its argument to the proper classification of exhibit 3, the Public Health Service insigne, in view of the decision of this court in the *Gemsco* case, *supra*.

Counsel for the defendant takes the position that the classification of exhibit 3 is correct, since the United States Public Health Service is not part of the

military service nor a branch of the land and naval forces of the United States. A review of various presidential proclamations, cited by defendant, indicates that the commissioned corps of the Public Health Service was a military service from June 21, 1945, until July 3, 1952. However, the importations were made in the years 1955 and 1956. In the *Gemsco* case, *supra*, incorporated herein, we held certain insignia, which were required by naval regulations to be worn by naval personnel, were not ornaments within the purview of paragraph 1529(a) of the Tariff Act of 1930, as modified, *supra*.

The question before us, by concession of defendant herein, is narrowed to exhibit 3 and presents the issue as to whether the insigne must be of a military branch of the United States.

It appears that although exhibit 3 is an insigne of the United States Public Health Service, which is not a branch of the military service of the United States, it is, nevertheless, required to be worn by the regulations of said service (42 C.F.R. § 21.232); its unauthorized use is forbidden (42 U.S.C. § 228); and the manufacture, sale, possession, or use of such insignia by other than authorized persons is punishable by fine or imprisonment or both (18 U.S.C. §§ 701, 702).

In the incorporated case, we made the following comment, which is deemed pertinent herein:

> Since the involved insignia are required to be worn by law as part of the uniform of naval personnel, plaintiff contends that said merchandise is excluded by judicial interpretation from the term "ornaments" in paragraph 1529(a), *supra*. In support thereof, plaintiff cites the case of *N. S. Meyer, Inc.* v. *United States*, 6 Cust. Ct. 191, C.D. 459, wherein certain woven fabrics in chief value of metal threads, worn by commissioned officers in the Air Corps of the United States Army and so required by law, were held to be properly dutiable under paragraph 385 of the Tariff Act of 1930, as modified by the trade agreement with France, 69 Treas. Dec. 853, T.D. 48316, as woven fabrics, wholly or in chief value of any of the materials provided for in said paragraph 385, rather than under the provisions for ornaments in paragraph 1529(a) of the Tariff Act of 1930. In arriving at this conclusion, the court was of the opinion that the evidence in the *Meyer* case brought the merchandise squarely within the ruling of *United States* v. *Gaunt & Sons et al.*, 15 Ct. Cust. Appls. 94, T.D. 42183, wherein the appellate court made the following comment:
>
> > * * * While these articles, both buttons and badges, may be apparently included, *eo nomine*, in the language of paragraph 1428 as "dress buttons" and "military ornaments" they are not so in fact, because they are not worn alone for personal comfort, convenience, or adornment. The enlisted man or commissioned officer wears them because he must, because the law of the land so requires, and not to satisfy some whim or fancy of his own.

From the foregoing statutes and in consideration of the *Gemsco* case, *supra*, it is apparent that the insigne of the Public Health Service is one required to be worn and is not worn for personal comfort, convenience, or adornment of the officer. Accordingly, the insigne, such as exhibit 3, is not an ornament within the purview of paragraph 1529(a), *supra*, and is properly dutiable at 15 per centum ad valorem under paragraph 385 of the Tariff Act of 1930, as modified, *supra*, as claimed herein. The protests are likewise sustained as to the other items under consideration, in view of the concession of defendant in its brief.

The protests are sustained to the extent indicated; in all other respects and as to all other merchandise, all the claims are overruled.

Judgment will be entered accordingly.