UNITED STATES *v.* HORSTMANN CO. (No. 2771)[1]

CONSTRUCTION, PARAGRAPH 1428, TARIFF ACT OF 1922—ARTICLES TO BE WORN OR CARRIED—VOCATIONAL ARTICLES—SABER CHAINS.

Paragraph 1428, Tariff Act of 1922, provides for "articles * * * designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles * * * chains," etc. The paragraph includes only incidental articles of mere personal comfort, convenience, or adornment. Even though an article may respond generally to one of the *eo nomine* designations of the paragraph, it is excluded if not such. Chains used to attach saber scabbards to officers' belts are vocational articles and, hence, excluded. Being nickel-plated brass, they are not chains under paragraph 329, for that paragraph provides for steel or iron chains only. They are articles of brass under paragraph 399.

United States Court of Customs Appeals, March 9, 1927

APPEAL from Board of United States General Appraisers, G. A. 9101, T. D. 41421

[Reversed and remanded.]

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Jerome G. Clifford,* special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument December 14, 1926, by Mr. Igstaedter and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise consisting of brass saber chains, nickel plated, was assessed for duty by the collector at the port of Philadelphia, as chains designed to be worn on apparel or carried on or about the person, at 80 per centum ad valorem under paragraph 1428 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1428. * * * and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral or amber, or with imitation precious stones or imitation pearls, 80 per centum ad valorem; * * *

It was claimed in the protest that the merchandise was dutiable at 40 per centum ad valorem under paragraph 399, or at the appropriate specific rate under the first part of paragraph 329, or at 75 per centum ad valorem under the latter part of paragraph 1428.

[1] T. D. 42079.

Paragraph 399 reads as follows:

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The pertinent part of paragraph 329 reads as follows:

PAR. 329. Chain and chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter, seven-eighths of 1 cent per pound; less than three-fourths and not less than three-eighths of one inch in diameter, 1⅛ cents per pound; less than three-eighths and not less than five-sixteenths of one inch in diameter, 2⅛ cents per pound; less than five-sixteenths of one inch in diameter, 4 cents per pound; sprocket and machine chains, of iron or steel, and parts thereof, 35 per centum ad valorem; anchor or stud link chain, two inches or more in diameter, 1½ cents per pound; less than two inches in diameter, 2 cents per pound: * * *

The exhibit before us is about 11 inches long and three-fourths of an inch in width. It has a snap at one end and a snap and a hook at the other. It is an essential part of the equipment of military officers and is used to attach a saber scabbard to an officer's belt. According to the record, it has no other use. The chains are valued at more than 20 cents per dozen and are obviously designed to be worn on apparel or carried on or about or attached to the person.

The court below sustained the protest, holding that, while these chains were valued at more than 20 cents per dozen pieces, and were designed to be worn on apparel or carried on or about or attached to the person, they were vocational articles and were not used for "mere personal comfort, convenience, or adornment," or designed for such use. The case of *United States* v. *Sussfeld, Lorsch & Co.*, 7 Ct. Cust. Appls. 126, T. D. 36454, and others were cited in the court's opinion. The merchandise was held to be dutiable under paragraph 329.

It was claimed by the Government that, as the chains were designed to be worn on apparel or carried on or about or attached to the person, and, as they are valued at more than 20 cents per dozen, they are provided for in paragraph 1428. The following cases are cited as supporting the Government's contention: *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343; *Hensel, Bruckmann & Lorbacher* v. *United States*, 6 Ct. Cust. Appls. 162, T. D. 35434; *Bischoff* v. *United States*, 7 Ct. Cust. Appls. 138, T. D. 36458; *Rumpp & Sons et al.* v. *United States*, 7 Ct. Cust. Appls. 203, T. D. 36507; *United States* v. *Gluck & Sons et al.*, 8 Ct. Cust. Appls. 11, T. D. 37160; *Andrews & Co. (Inc.)* v. *United States*, 11 Ct. Cust. Appls. 502, T. D. 39658; *United States* v. *Kress & Co.*,

13 Ct. Cust. Appls. 66, T. D. 40885. It was also contended that the chains were military ornaments and dutiable as such.

It is contended by the appellee that the chains in question are vocational articles; that they are not used, or designed to be used, as articles of mere personal comfort, convenience, or adornment; and, therefore, are excluded from paragraph 1428. It is argued that the cases cited by the Government support the contentions of appellee. Our attention is called particularly to the case of *United States* v. *Sussfeld, Lorsch & Co.*, 7 Ct. Cust. Appls. 126, T. D. 36454.

It will be observed by a careful review of the cases cited, that one of the fundamental requisites for classification under the provisions of paragraph 1428 in question, of articles not *eo nomine* provided for, is that such articles must be designed to be worn on apparel or carried on or about or attached to the person as "*incidental* articles of *mere personal comfort, convenience, or adornment.*" (Italics not quoted.) Such articles may be of utility or of adornment, or they may possess both of these qualities; but, unless they are designed to be worn or carried, or attached to the person for mere personal comfort, convenience, or adornment, they can not be classified under the provisions in question.

It is true that these decisions relate to articles not enumerated in the paragraph by name. However, it was there definitely pointed out that articles not enumerated by name must, in order to be classifiable thereunder, be like those enumerated; and, in order to be like such articles, they must be "incidental articles of *mere personal comfort, convenience, or adornment.*" (Italics not quoted.) If articles not provided for by name must answer to the description of "incidental articles of mere personal comfort, convenience, or adornment," in order to be like those *eo nomine* provided for, it follows that those intended to be included within the *eo nomine* provisions are of that character. Accordingly, articles not of that character were not intended to be covered by the provisions in question even though they respond generally to *eo nomine* designations therein.

The chains in question were designed for the exclusive use of officers in the military service. They are an essential part of such officers' equipment—made such by military regulations and worn as such. They are not worn as incidental articles of mere personal comfort, convenience, or adornment, but as an essential part of their equipment. The chains in question are vocational articles; and while chains are *eo nomine* provided for in paragraph 1428, these are not the kind intended to be covered by that designation. *United States* v. *Sussfeld, Lorsch & Co., supra.* It is unnecessary to discuss the claim that the chains are dutiable as military ornaments, as it is apparent that they are not such articles. We conclude that the merchandise was wrongly classified by the collector, and that the decision of the court below in this regard was correct.

However, we are not in accord with that part of the trial court's decision holding that the merchandise is dutiable under paragraph 329. It will be observed that paragraph 329 is limited to "chain and chains of all kinds, made of *iron* or *steel.*" (Italics not quoted.) The record discloses that the chains involved in this appeal are composed of brass and are nickel plated. Therefore, they are excluded from paragraph 329.

As the merchandise is not specially provided for elsewhere it would seem to be dutiable at 40 per centum ad valorem under the latter part of paragraph 399, which provides for articles "composed wholly or in chief value of  *  *  *  brass, nickel,  *  *  *  but not plated with platinum, gold, or silver, or colored with gold lacquer." Such will be our holding.

The judgment is reversed, and the cause remanded for proceedings consistent with the views herein expressed.

*Reversed* and *remanded.*