(C. D. 1231)

WEYENBERG SHOE MFG. CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 11, 1950)

*Wallace & Schwartz; Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General *(Richard H. Welsh* and *Richard E. FitzGibbon,* special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges; COLE, J., concurring

OLIVER, Chief Judge: Plaintiff herein seeks to recover duty claimed to have been illegally exacted on an importation of metal shoe buckles. They were classified under paragraph 1527 (c) (2) of the Tariff Act of 1930 at rates of duty aggregating 110 percent ad valorem under the *eo nomine* provision therein for buckles. They are claimed properly dutiable under paragraph 397 of the same act at 45 per centum ad valorem as "articles or wares * * * composed wholly or in chief value of iron, steel, * * * but not plated with platinum, gold, or silver, * * *."

The involved paragraphs read as follows:

PAR. 1527. (c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished:

\*        \*        \*        \*        \*        \*        \*

(2) composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitation precious or semiprecious stones, or imitation pearls, 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

PAR. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

A sample of the imported buckle is before us, attached to a shoe (plaintiff's illustrative exhibit A), indicating both the size and shape of the imported buckle and also illustrating the use to which it is put after importation. The record establishes that these imported buckles are used exclusively in the manufacture of military-type dress shoes and that such shoes are used by officers and noncommissioned men in the United States armed forces and are also sold to and used by civilians desiring this type of shoe. The buckle is made of steel with a gun-metal finish. It is permanently attached to the shoe and is used in connection with a strap, also part of the shoe, to fasten the shoe to the foot of the wearer in the same manner that a shoelace would tighten or hold a shoe on the foot. It is conceded that these buckles as imported are valued at more than 20 cents per dozen pieces.

The Tariff Act of 1930 (paragraph 1527 (c) (2)), the act of 1922 (paragraph 1428), and the 1913 act (paragraph 356) provide for "articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles * * * and like articles * * *." The above wording would seem to cover miscellaneous articles not *eo nomine* provided for in the paragraphs, *supra*, but designed or intended to be used in a manner similar to the enumerated articles. Buckles are specifically named as one of the items in paragraph 1527 which is the so-called "jewelry" paragraph of the 1930 tariff act. While buckles are *eo nomine* provided for therein, all buckles are not thereby dutiable under that paragraph. Saddlery and harness buckles, for example, are *eo nomine* provided for in paragraph 345, and belt buckles, trouser buckles, and waistcoat buckles, shoe or slipper buckles, and parts thereof, valued at not more than $1.66⅔ per hundred (i. e., 20 cents per dozen pieces), are *eo nomine* provided for in paragraph 346. As the shoe buckles here before us are valued at more than 20 cents per dozen pieces, they are thereby removed from the

provisions of paragraph 346. The question presented to us for determination is whether these shoe buckles are properly dutiable under the buckle provision of paragraph 1527 (c) (2) or under paragraph 397 covering nonenumerated articles manufactured of steel.

Plaintiff directs our attention to the decision of our appellate court in *United States* v. *Bailey, Green & Elger, Inc.*, 30 C. C. P. A. 228, C. A. D. 237, as authority for their contention that "only incidental articles of mere personal comfort, convenience, or adornment fall within paragraph 1527." The court there did not have buckles before it for consideration and we are of opinion that the court's limitation does not apply to buckles. The fact that buckles are *eo nomine* provided for in paragraph 1527 obviously contemplates articles which, after importation, become attached to apparel, which, in turn, is "worn * * * on or about or attached to the person * * *." It is reasonable to assume that it was not the intent of Congress to contemplate that a buckle would be incidentally carried in the pocket or bag or purse, such as cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, etc., but rather would be permanently attached for either utilitarian or ornamental purposes, or both, to some part of the apparel. It may be assumed that a buckle, in the ordinary meaning of that term, except for some of the fancy, purely decorative slides or buckles used on women's shoes, is designed and intended primarily for a utilitarian purpose, in this instance for the very practical purpose of keeping the shoe on the foot. The shoe buckles here before us, while utilitarian, are attached to what is known and described as a dress shoe and are designed to be worn on this particular type of shoe.

In the *Bailey* case, *supra*, the court there had under consideration the classification of certain embossed metal buttons which were assessed for duty under paragraph 1527 (c) (2), Tariff Act of 1930, as "dress buttons," designed to be worn on apparel or carried on or about or attached to the person. They were claimed dutiable under paragraph 349 of the act as "metal buttons embossed with a design, device, pattern, or lettering." The testimony indicated that the buttons were designed to be used as either mere ornaments on women's dresses or for "buttoning" purposes. The articles were held dutiable as claimed. The court stated (p. 232) that the buttons in question were designed to be worn on apparel as incidental articles of mere personal comfort, convenience, or adornment, as well as to serve a useful purpose, and that they were covered by the provision for "dress buttons" contained in paragraph 1527 but held, however, that these particular embossed buttons were more specifically provided for under paragraph 349 of the act for "metal buttons embossed with a design, device, pattern, or lettering." In the present case there is no conflict as to relative specificity. The only conflict is between the *eo nomine*

provision for buckles in paragraph 1527 (c) (2) and the blanket provision of paragraph 397 for articles of metal, not specially provided for. The fact that the shoe buckles before us are used for utilitarian purposes does not automatically take them out of the provisions of paragraph 1527. In *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343, where a question of metal mechanical pencils was under consideration under the provisions of paragraph 356 of the Tariff Act of 1913 (predecessor to the present paragraph 1527), and insofar as pertinent to the issue here before us, using language similar to that employed in the *Bailey* case, *supra*, the court said (p. 108):

It may be observed that the articles which are enumerated in the disputed provision are numerous and in some respects diverse. Some of them are wholly ornamental in character, for example, "vanity cases" and "millinery ornaments"; some are wholly utilitarian, for example, "cigar cutters" and "match boxes"; some may be both ornamental and useful, for example, "chains" and "cuff buttons." In one particular, however, they are all alike, and that is that in their customary use they are all carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment. This characteristic belongs also to the metal pencils now in question, and brings them within the provision for "like articles," which follows the list of enumerated articles in the paragraph.

The buckles before us are designed and used for personal comfort and convenience. It would be most uncomfortable and inconvenient to try to wear these shoes without such a buckle. We do not understand our appellate court by the use of the above language to hold that a buckle is "carried upon the person of the user" or that its use in completing or making usable apparel worn on the person is incidental. It is noted that in the examples set forth by the court in the above language in the *Gallagher & Ascher* case, *supra*, buckles are not mentioned as among the items enumerated in paragraph 1527 and considered by the court.

In *Neiman-Marcus Co. et al.* v. *United States*, 61 Treas. Dec. 719, T. D. 45553, p. 723, this court quoted with approval the following definitions of a shoe buckle:

* * * Funk & Wagnalls' New Standard Dictionary * * *—

A buckle for *fastening* the shoe by a strap across the instep, or one worn on the shoe for ornament. [Italics ours.]

* * * Century Dictionary and Cyclopedia * * *—

A buckle for *fastening* the shoe on the foot * * * most contemporary shoe buckles are sewed on merely for ornament. [Italics ours.]

In *Pitt & Scott* v. *United States*, 55 Treas. Dec. 798, T. D. 43408, the court, in commenting on various dictionary definitions of buckles, said (p. 802) "Those dictionary definitions of buckle may be summarized as a 'device *for fastening*.' " [Italics quoted.]

In the *Neiman* case, *supra*, the merchandise consisted of certain metal ornaments worn on ladies' shoes which were assessed under the

predecessor paragraph 1428 of the Tariff Act of 1922 and claimed dutiable under paragraph 346 of that act for shoe or slipper buckles. The testimony indicated that while sometimes referred to as shoe ornaments the articles were usually termed "shoe buckles." The articles in question were held dutiable as claimed, the court holding the articles were commonly known as shoe buckles. The court, however, pointed out that the articles were used solely as ornaments and stated (p. 723):

\* \* \* it \* \* \* does not fasten two parts of the shoe as an ordinary buckle does, as the term "buckle" is commonly understood, or as buttons, shoe laces, etc., do.

In *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079, the court had under consideration military saber chains assessed under paragraph 1428 of the Tariff Act of 1922, the predecessor of paragraph 1527 of the Tariff Act of 1930. The court there said (p. 445):

\* \* \* Such articles may be of utility or of adornment, or they may possess both of these qualities; but, unless they are designed to be worn or carried, or attached to the person for mere personal comfort, convenience, or adornment, they can not be classified under the provisions in question.

This court in *General Button Company* v. *United States*, 64 Treas. Dec. 983, reported as Abstract 25580, had before it metal belt buckles covered with leather, classified under paragraph 1527 of the present tariff act and claimed properly dutiable as articles in chief value of iron or steel, as here. The court there found that the buckles in question were valued at more than 20 cents per dozen pieces and held that the *eo nomine* provision in paragraph 1527 of the Tariff Act of 1930 was more specific than the general provision for articles or wares in chief value of iron or steel, contained in paragraph 397 of the same act. As between the *eo nomine* provision for metal buckles costing over 20 cents per dozen pieces in paragraph 1527 and the general provision for metal articles, paragraph 397, the *eo nomine* provision in paragraph 1527 is more specific and should prevail.

In commenting upon the articles enumerated by name in paragraph 356 of the 1913 tariff act (paragraph 1527 (c) (2) of the 1930 act), the court in the *Gallagher & Ascher* case, *supra*, not having "buckles" under consideration, did not have occasion to note a patent distinction which sets buckles apart from other items mentioned by name in said paragraph. Every one of the articles named in paragraph 1527 (c) (2), other than buckles and dress buttons, is an item obviously intended to be carried loosely on or about the person (cardcases, chains, cigar cases, etc.) or temporarily attached to the person (pins, combs, millinery, etc.). Buckles, on the other hand, are by their very nature designed and intended to be permanently attached or affixed to some article of wearing apparel worn by the user, whether the buckle be a

shoe, slipper, or belt buckle; they are permanently attached once they are affixed to the article with which they are designed to be used. In no sense can such a buckle be said to be an incidental article.

This court, in *Pitt & Scott* v. *United States, supra,* had under consideration an imported shoe with a silver ornament attached. The court noted that "While these shoe ornaments are carried on the person, they are so carried as an integral part of the shoe. They are permanently attached thereto. * * * The shoe is an article of wearing apparel and is worn by the user '*for warmth or protection like clothing.*' " [Italics quoted.] The court, in finding the item in the *Pitt & Scott* case, *supra,* to be an ornament and not like a buckle, then stated at page 803:

* * * It has no utilitarian value and has not the way of fastening possessed by a buckle.

By adding the *eo nomine* provision for buckles in paragraph 356 of the Tariff Act of 1913, the Congress clearly expressed an intention to have some type of buckles subject to the provisions of that paragraph, the predecessor to paragraph 1527 of the present act. Buckles to come under this paragraph must (1) be "valued above 20 cents per dozen pieces," (2) must be "designed to be worn on apparel or carried on or about or attached to the person," and (3) must be "composed wholly or in chief value of metal other than gold or platinum," etc. The buckles here before us are valued at more than 20 cents per dozen pieces and are not made of gold or platinum. They are shoe buckles. They are utilitarian in their use, being exclusively used in military-type dress shoes with a strap to hold the shoe on the foot.

We therefore find that the buckles here before us are dutiable under the provisions of paragraph 1527 (c) (2), as assessed, at a rate of duty aggregating 110 per centum ad valorem under the *eo nomine* provision for "buckles" valued above 20 cents per dozen pieces, designed to be worn on apparel, composed of metal other than gold or platinum. The protest is overruled. Judgment will be rendered accordingly.

CONCURRING OPINION

COLE, Judge: My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States,* 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case somewhat similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra,* but for the purpose of expediting the work of the court, I am joining my colleagues in the disposition of this case, and concur in the opinion and judgment attached thereto.