BEFORE THE FIRST DIVISION, DECEMBER 17, 1952

**No. 56991.**—The Carbone Corp. *v.* United States, protest 170028–K (New York).

Oliver, Chief Judge: In this case the merchandise consists of metal key rings which the collector classified under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by Presidential proclamation, T. D. 51898, as articles designed to be carried on or about the person, and assessed duty at the rate of 65 per centum ad valorem. Plaintiff claims that the articles are classifiable as metal articles, not specially provided for, under paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802, dutiable either at 32½ per centum ad valorem as being in chief value of silver, or at 35 per centum ad valorem as "Plated with silver on metals other than nickel silver or copper, but not in chief value of silver."

At the outset, it should be emphasized that plaintiff, by its protest, has assumed the dual burden of showing not only that the classification of the collector is erroneous, but also that the one claimed by it is correct. *Tower & Sons* v. *United States*, 11 Ct. Cust. Appls. 261, T. D. 39080.

Neither party introduced any oral testimony. The record consists of a sample of the article in question (plaintiff's exhibit 1), and the report of an analysis made by the Government chemist, which states that "All metal parts are silver plated on brass." (Plaintiff's exhibit 2.)

To support its contention, plaintiff relies on the decision of our appellate court in *United States* v. *Kress & Co.*, 13 Ct. Cust. Appls. 66, T. D. 40885. That case, which arose under the Tariff Act of 1922, involved metal key rings that were classified as articles designed to be carried on or about the person under paragraph 1428 of that act. So far as the present issue is concerned, paragraph 1428 of the Tariff Act of 1922 is the same as paragraph 1527 (c) of the Tariff Act of 1930, as modified, under which the present merchandise was classified.

In the *Kress* case, *supra*, the court described the merchandise there under consideration as "heavy steel key rings attached to steel snap hooks having leather loops," and found that they were "suitable to be carried on or about the person, *but they were not designed or made for that purpose.*" [Italics added.] The court, in the cited case, overruled the collector's classification, and upheld the importer's claim for classification as articles of metal, not specially provided for.

The importance of the italicized words in the foregoing quotation from the *Kress* case is emphasized in the case of *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079, which also arose under the Tariff Act of 1922. Referring to the statutory provision now under consideration, the court, after reviewing earlier cases on the subject, said:

It will be observed by a careful review of the cases cited, that one of the fundamental requisites for classification under the provisions of paragraph 1428 in question, of articles not *eo nomine* provided for, is that such articles must be designed to be worn on apparel or carried on or about or attached to the person as *"incidental* articles of *mere personal comfort, convenience, or adornment."* (Italics not quoted.) Such articles may be of utility or of adornment, or they may possess both of these qualities; but, unless they are designed to be worn or carried, or attached to the person for mere personal comfort, convenience, or adornment, they can not be classified under the provisions in question. [Italics quoted in decision.]

See also *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343.

Based upon the statutory construction employed in all of the cited cases, recognizing that the controlling consideration for classification of merchandise under paragraph 1527 (c) (2) is whether the articles in question are designed to be worn or carried about the person, we find that the key rings now before us are materially different from those which were before the court in the *Kress* case.

An examination of the sample before us (exhibit 1, *supra*) indicates that these key rings are composed of light metal and are very small in size (approximately three-fourths of 1 inch in diameter). Attached to the ring is a short, metal

chain (about 1 inch in length), to which is connected a small shield-like metallic piece used as an advertising medium. A sample is frequently a potent witness. (*Marshall Field & Co.* v. *United States*, 20 C. C. P. A. (Customs) 225, T. D. 46037.) The appearance and construction of the sample before us support the classification of the collector.

It is fundamental that the collector's classification carries a presumption of correctness, and that the classifying officer found every fact essential to the classification adopted by him. *United States* v. *I. Magnin & Co., Inc.*, 21 C. C. P. A. (Customs) 77, T. D. 46394; *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, T. D. 43309.

On the present record, plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification of the key rings in question under paragraph 1527 (c) (2), as modified, as articles designed to be carried on or about the person.

The protest is therefore overruled and judgment will be rendered accordingly.