BEFORE THE FIRST DIVISION, DECEMBER 28, 1955

**No. 59618.**—Gold-Silver & Co. *v.* United States, protest 196211–K (Memphis).

OLIVER, Chief Judge: This protest relates to merchandise generally described on the invoices as miniature toy pistols, chrome finish, type "A" and type "A–2," with ramrod, individually packed in boxes. The collector assessed duty thereon at the rate of 65 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, as articles, designed to be worn on apparel or carried on or about or attached to the person. Plaintiff claims that the merchandise is properly dutiable at only 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802, as articles wholly or in chief value of base metal, not plated with gold, silver, or platinum, or colored with gold lacquer.

The imported unit consists of a miniature pistol and a ramrod in a flimsy cardboard container, approximately 1½ inches square (plaintiff's exhibit 1–A). The miniature pistol is 1¾ inches overall in length, chrome finished, with decorated or ornamented handles, either embossed with a floral design (plaintiff's exhibit 1), or having a checkered design (plaintiff's exhibit 2), or of imitation pearl (plaintiff's exhibit 3). At the top of the hammer, a hole, about $\frac{1}{32}$ of 1 inch in diameter, has been punched. The accompanying ramrod is 1 inch in length and has a brass head, approximately $\frac{1}{16}$ of 1 inch in diameter. Counsel for the respective parties agreed, during the course of the trial, that "Exhibits 1, 1–A, 2, and 3 are in chief value of base metal, are not composed of gold, silver, or platinum, and are not plated with platinum, gold, or silver, or colored with gold lacquer."

The president of the plaintiff corporation was the only witness. He stated that the imported pistols were developed from samples obtained by plaintiff from private collections and which were submitted to the foreign manufacturer of the merchandise in question. Referring to the hole at the top of the hammer, the witness testified that an attempt was made to have it serve as a means for holding the ramrod, or as a fastening medium for a collector's group, but neither

305

attempted use proved to be practical. Effort was also made to utilize the hole, to attach the pistol to a chain, but it was "found that it was not workable and served no useful purpose. In fact, the drag of the chain on the hammer would prevent the pistols from firing." The witness' testimony, concerning the disposition of the merchandise, is to the effect that he sold it principally "to specialty distributors in most of the 48 States." When in actual use, the pistols are "fired," which was described by the witness as follows:

You cock the hammer and break the barrel and insert a small percussion cap, return it into firing position, fire it, break it again and insert the little ramrod through the opposite end to remove the shell.

The witness stated that he had seen the imported merchandise used, as hereinabove described, either in homes or in offices, and that, after such usage, the articles were kept on the desk or retained as collectors' items. He testified further that he had never seen the merchandise used as an ornament and that he had never known of it being carried in anyone's pocket. "The general make-up is not conducive for carrying in the pocket unless you want your pocket torn up."

The provision in paragraph 1527 (c) of the Tariff Act of 1930, under which the merchandise was classified, reads as follows:

Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles * * * .

A fundamental requisite for classification under the foregoing provision is that the articles must be designed to be worn on apparel or carried on or about or attached to the person as incidental articles of mere personal comfort, convenience, or adornment. The statutory construction was enunciated in *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079, as follows:

It will be observed by a careful review of the cases cited, that one of the fundamental requisites for classification under the provisions of paragraph 1428 [now paragraph 1527, *supra*] in question, of articles not *eo nomine* provided for, is that such articles must be designed to be worn on apparel or carried on or about or attached to the person as *"incidental* articles of *mere personal comfort, convenience, or adornment."* (Italics not quoted.) Such articles may be of utility or of adornment, or they may possess both of these qualities; but, unless they are designed to be worn or carried, or attached to the person for mere personal comfort, convenience, or adornment, they can not be classified under the provisions in question.

It is true that these decisions relate to articles not enumerated in the paragraph by name. However, it was there definitely pointed out that articles not enumerated by name must, in order to be classifiable thereunder, be like those enumerated; and, in order to be like such articles, they must be "incidental articles of *mere personal comfort, convenience, or adornment."* (Italics not quoted.)

Under the cited authority, the merchandise in question is excluded from the provisions of paragraph 1527 (c), *supra*. Plaintiff's uncontradicted evidence shows, *prima facie* at least, that the imported unit, a commercial entity, consisting of a miniature pistol with a ramrod (plaintiff's exhibit 1–A, *supra*), is a novelty, having some value as a collector's item and also used by individuals for amusement.

Defendant's brief argues the issue herein on the premise that the merchandise under consideration consists of a miniature pistol only. This is not so. The imported commodity comprises a miniature pistol with a small ramrod, both articles forming a commercial entity, which, on the basis of the record before us,

is not within any of the classes of merchandise contemplated by paragraph 1527 (c), *supra*.

For all of the reasons hereinabove set forth, we hold the merchandise generally described on the invoices as miniature toy pistols, chrome finish, type "A" and type "A-2," with ramrod, individually packed in boxes, to be dutiable at the rate of 22½ per centum ad valorem under paragraph 397, as modified, *supra*, as articles wholly or in chief value of base metal, not plated with gold, silver, or platinum, or colored with gold lacquer, as claimed by plaintiff. To that extent, the protest is sustained.

Plaintiff, having abandoned the protest as to the invoice items describing the merchandise as having a gold finish, the protest, so far as it relates to such merchandise, is dismissed. In all other respects and as to all other merchandise, the protest is overruled. Judgment will be rendered accordingly.